**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

EMMY JEAN LUND,

Defendant.

**Case No. CR-25-04-GF-BMM**-2

**AMENDED ORDER**

Defendant Emmy Lund's (Lund) Motion to Continue is now before the Court. DLund is requesting the trial setting of June 24, 2025 be continued for 90-days. Plaintiff has no objection. (Doc. 56.)

Lund's brief in support of his motion states that Lund's counsel has been diligent in this matter and has reviewed discovery provided by the United States, but has not been able to review the discovery with Lund as she was in inpatient treatment and was just released this week. Lund completed treatment at Rocky Mountain Treatment Center in Great Falls, and after care in California. The discovery was delivered to her, but could not be reviewed because of her treatment program. Lund was released from an aftercare program located in California and

is back in Great Falls. (Doc. 57.) Because of these factors a continuance is warranted.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id.* §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Lund is charged with Conspiracy to Possess with Intent to Distribute

Fentanyl in violation of Title 21 U.S.C. § 841(a)(l) and Criminal Forfeiture, in violation of Title 21 U.S.C. §§ 853(a)(l)-(2) and 881(a)(11) and 18 U.S.C. §924(d). The crimes allegedly occurred beginning on or about November 28, 2023 and continuing through on or about August 16, 2024, on the Rockyk Boy's Indian Reservation and other places in the State and District of Montana and western Washington. If convicted, Lund faces a potential sentence of lifein prison.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(I) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Lund and her counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** that Lund's Motion to Continue (Doc. 56) is **GRANTED. IT IS HEREBY ORDERED that** the final pretrial conference and jury trial set for June 24, 2025 are **VACATED FOR ALL DEFENDANTS.** The following schedule shall apply FOR ALL DEFENDANTS**: The final pretrial conference is rescheduled for September 23, 2025 at 8:30 a.m. at the**

**Missouri River Federal Courthouse, Great Falls, Montana. The jury trial is rescheduled for September 23, 2025 at 9:00 a.m. at the Missouri River Federal Courthouse, Great Falls, Montana**. The motions deadline is **August 22, 2025.** The plea agreement/notice of intent to proceed to trial deadline is **September 9, 2025.** Expert reports are due on or before **September 11, 2025.** The JERS disc, Jury Instructions and Trial Briefs are due by **September 16, 2025.**

**All time between the date of this Order and September 23, 2025 shall be excluded for purposes of speedy trial FOR ALL DEFENDANTS.**

DATED this 28th day of May 2025.

Brian Morris, Chief District Judge
United States District Court